HENRY GOODNOW, *qui tam*, *v.* JONATHAN HOUGHTON.

After verdict those defects are cured, which, from the nature of the defects, must have been supplied by proof, in order to establish the plaintiff's claim.

By the ordinary rule of construction the words "the said notes" would mean the notes last specified; but otherwise, when there is coupled with the expression that which limits and defines its application, and which can only refer to other notes.

In a *qui tam* action, founded upon sect. 20 of chap. 95 of the Revised Statutes, for being party and privy to the execution of fraudulent and deceitful notes, the *gravamen* of the charge consists in *justifying* the notes to be made *bona fide* and upon good consideration; and a variance between the *description* of the notes in the declaration, and the notes actually made, would not necessarily be fatal, provided such notes are described in the declaration as were actually *justified* by the defendant to have been made·

This was an action to recover the penalty for being party and privy to certain fraudulent notes, signed by one Zacheus Walworth, and made payable to the defendant.

The declaration, after describing the notes, alledged that they were " made, had, moved, and executed by the said Zacheus Walworth to the said Jonathan Houghton, with the false, fraudulent, deceitful and covinous intent, design, and purpose to avoid the right, debt, and duty of the said Henry Goodnow, he, the said Henry Goodnow, then and there being a creditor to the said Zacheus Walworth in a large amount, to wit, by just and lawful notes and book accounts not less than $500; and the said notes the said Jonathan Houghton, being party and privy thereto, did then and there, on said 14th day of March, 1843, justify to be made, had, and executed *bona fide* and upon good consideration."

On trial the plaintiff offered in evidence four promissory notes, signed by Walworth, and payable to the defendant, together with writs made upon them, and a schedule of them on which judgment was confessed by Walworth. One of said notes was for the sum of $26, but was filed as a note of $26.57, and was described in the plaintiff's declaration as a note of $26.57, and was also so described in the writ sued out by the defendant against Walworth,

and in the schedule on which the confession of judgment by Walworth was taken. Another of said notes was for the sum of $69,69, but was described in the plaintiff's declaration, and also in the defendant's writ against Walworth, and in the schedule on which the judgment by confession was taken, as a note for $69.67. To the admission of these notes the defendant objected, on account of the variance between them and the description of the notes in the plaintiff's declaration; but the objection was overruled by the court.

After verdict for the plaintiff the defendant filed a motion in arrest of judgment for the insufficiency of the plaintiff's declaration; which motion was also overruled by the court. Exceptions by defendant.

————— ————— for defendant.

The description of the notes from Walworth to Houghton in the declaration is material, and traversable, and the plaintiff is bound to prove the averment as alledged; if the statement is more particular than it need to have been, it must still be proved as stated, for the whole averment cannot be struck out without destroying the declaration. 1 Ch. Pl. 305. Doug. 667. The variance between these notes and the description cannot be avoided by any facts not appearing on the face of the notes. 1 D. Ch. 227.

The declaration is defective, as it contains no averment that the defendant justified the notes given by Walworth to him, but states that he justified the notes and claims due from Walworth to Goodnow.

*Hall & Lyman* and *Southworth* for plaintiff.

1. The declaration is in conformity with approved precedents; 7 Went. Pl. 223, 338; *Wright* v. *Eldred*, 2 Aik. 401; *Wright* v. *Brownell*, 3 Vt. 435; and is good, at least after verdict. *Battles* v. *Braintree*, 14 Vt. 348, 352. *Richardson* v. *R. & W. Turnp. Co.*, 6 Vt. 496, 506. *Vadakin* v. *Soper*, 1 Aik. 289. *Keyes* v. *Throop*, 2 Aik. 276.

2. The objection taken on the ground of *variance* is not tenable. The *gist* of the action against the defendant is the *justification* of the notes by him as being made *bona fide*. The evidence

offered showed that he did justify precisely such notes as are stated in the declaration.

It is submitted that the plaintiff had a right to the penalty for the notes the defendant-justified; and that, the making of the notes being private, and the justification public, the defendant is estopped to deny that he was party and privy to such notes as he had held out to the world had been executed to him, and had put in force against the debtor as *bona fide* notes. 2 Stark. Ev. 31, 32. *Bass* v. *Clive*, 4 M. & S. 13.

The opinion of the court was delivered by

HEBARD, J. The motion in arrest will not prevail. The declaration is sufficiently *technical* to sustain a judgment after verdict. If there are defects, they are such as should have been met by a special demurrer. The declaration alledges that the plaintiff was the creditor of Walworth "in a large sum, to wit, by just and lawful notes and book accounts, not less than $500; and the said notes the said defendant, being *party* and *privy* thereto, did justify to be made and executed," &c.

It is objected here that it does not appear with sufficient certainty what notes the defendant justified to be made;—and if that objection had been met by a special demurrer, it might have been fatal; but, after verdict, those defects are cured, which, from the nature of the defect, must have been supplied by proof, in order to have obtained the verdict. If the proof had been that the defendant justified the notes to have been made, which Walworth was owing the plaintiff, there could have been no recovery, as the proof would have failed to establish the ground of the claim. By the rule of construction, ordinarily, the expression, *said notes*, would mean the notes last specified;—but in this case there is coupled with the expression something that limits and defines its application, and shows that the notes which Walworth owed to the plaintiff could not be the notes alluded to. The notes that the defendant is charged with having *justified*, are the notes that he was *party* and *privy* to, and those, of course, could not be the notes which Walworth owed to the plaintiff.

The question of *variance* is of more importance, and, if this had been an action against Walworth upon these notes, and they had

been misdescribed, as some of them now are, I should have no doubt that the variance would be fatal. It therefore becomes important to see what is the *gravamen* of the action,—what the plaintiff alledges,—and then see if there is any variance between the *averment* and the *proof.* The plaintiff avers that "the defendant was party to certain *false, fraudulent, deceitful* and *covinous* notes of hand against Zacheus Walworth," and then goes on to describe the notes, alledging them all to be of the value of $300, "and made, had and executed to avoid the debt and right of the plaintiff, a creditor of said Walworth;" and that the defendant, "being *party* and *privy* to said notes, did then and there justify the same to be *made, had* and *executed upon good consideration.*"

The *covinous* notes described are four in number, and are set out and described, as to their sums, in a schedule referred to, and are there described as they are set out in the plaintiff's declaration. The notes are also set out in the defendant's writs against Walworth, and they are there described as they are in the schedule and in the plaintiff's writ, with a single exception,—one note in the defendant's writ being described as payable in six months from date, and in the plaintiff's writ it is described as payable in one day after date; but the description in the plaintiff's writ is the true description of the note.

But there are two notes misdescribed,—one as for $26.57, when the true sum is $26; and one for $69.67, when the true sum is $69.69,—and it is to this variance between the notes and the declaration that the objection is taken.

The *gravamen* of the charge consists in the defendant's justifying the notes as being made *bona fide,*—and, without showing in some way that the defendant did so justify them, the important allegation would not have been proved, and the action must have failed. If the plaintiff had described the two notes, last named, as they appear to have been written, how could he have shown, when produced on trial, that the defendant justified those notes? Not by the *schedule,* nor by the *writs,* nor by the confession of judgment, for then he would have been met by the question of *variance.* So far as the case finds, the only evidence that the defendant had justified the notes was the fact that he had made writs upon them; and, having made out a schedule upon them, accepted a confession of judgment upon

them, and took execution.   Perhaps that is the most satisfactory evidence that the nature of the case admitted, and this evidence applied to the notes as described in the plaintiff's writ.   We therefore think that the objection is not well taken, and that the plaintiff has described such notes, and such only, as the defendant justified to be made.        The judgment of the county court is affirmed.